## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

JOSEPH A. CHAVEZ,

       Plaintiff,

vs.                               Civil No. 97-1121 LH/WWD

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION
**Proposed Findings**

1.  This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, filed June 15, 1998 [9-1].  The Commissioner denied Plaintiff's request for Supplemental Security Income ("SSI") benefits.  Plaintiff, age 38, alleges a disability due to musculoskeletal problems and a mental impairment.

2.  The Commissioner denied Plaintiff's application for benefits.  After conducting an administrative hearing, the Commissioner's Administrative Law Judge ("ALJ") denied the application, concluding that Mr. Chavez was involved in substantial gainful activity and was therefore not disabled.  The Appeals Council denied Mr. Chavez' request for review of the ALJ's decision, thus the ALJ's decision is the final decision of the Commissioner.  Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

3.  The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence.  Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted).  Additionally, the

Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests.  Id. (citation omitted).

4.   Plaintiff raises a single allegation of error with respect to the ALJ's decision: that the ALJ failed to fully analyze whether the illegal activity of Mr. Chavez constitutes substantial gainful activity.

5.   "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity."  Thompson at 1486 (citing 42 U.S.C. § 1382c(a)(3)(A)).  Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  Id.; see 20 C.F.R. § 416.920. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  Id. (citations omitted).

6.   At the first four levels of the evaluation, the claimant must show:  (1) that he is not working; (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that he is unable to perform work done in the past.  At the fifth step, the Commissioner must produce evidence regarding the claimant's ability to perform other work.  Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir. 1988).  In this case, the process ended after the first step when the ALJ concluded that he was engaged in substantial gainful activity.

7.   The Social Security Act provides that an individual who engages in substantial gainful activity ("SGA") is not entitled to disability benefits. 42 U.S.C. § 423(f).  The Plaintiff contends

that the ALJ did not address whether Mr. Chavez' means of supporting himself was "substantial gainful activity" according to the way the term is defined by the regulations and applicable case law. SGA is defined as "work activity that is both substantial and gainful."   20 C.F.R. § 416.972. "Substantial" activity "involves doing significant mental or physical activities."  "Gainful" activity is work done "for pay or profit."  20 C.F.R. § 416.972(a)(b).

8.   The sole issue in this appeal is whether the ALJ properly concluded that Mr. Chavez, by virtue of his admitted criminal behavior as a lookout for a drug dealer, was currently engaged in substantial gainful activity.[1]  Plaintiff does not dispute that the remuneration received by him for his illegal activities is "gainful," nor the amount which he allegedly earned.  Rather, Plaintiff contends that although the ALJ inquired into whether Plaintiff's work activity was gainful, he did not address whether it was "substantial."

9.   Although I am not aware of authority binding on this Court regarding whether illegal work activity can be considered SGA, I have found that other courts have held that the regulatory definition of SGA does not distinguish between legality and illegality, but instead "focuses on the nature of the claimant's activities."  Corrao v. Shalala, 20 F.3d 943, 946 & n.1 (9th Cir. 1994) (recognizing similar holdings from the "few federal district courts that have addressed this question"); Dotson v. Shalala, 1 F.3d 571, 576 & n.3 (7th Cir. 1993)  see SSR 94-1c.  The basis for these holdings is the language and interpretation of the regulation.  See, e.g., United States v.

_____

[1]  Plaintiff looks to a footnote in Dotson v. Shalala to support his contention: "For example, acting as a lookout at a drug house might constitute a gainful yet insubstantial activity, whereas someone who chronically engages in acts of vandalism may be substantially, but not gainfully, occupied."  1 F.3d 571, 576 (7th Cir. 1993).

3

Sullivan, 274 U.S. 259, 263 (1927) (illegal income is taxable), cited in Hart v. Sullivan, 824 F.Supp. 903, 905 (N.D.Cal. 1992).[2]

10.   Under  20 C.F.R. § 416.974(b)(2)(vii) and § 416.975(a)(2), work activity is generally deemed to be substantial gainful activity if it results in average earnings of more than $500 a month; i.e., earnings in excess of $500 per month (for the years in which Plaintiff alleges a disability) create a rebuttable presumption of substantial gainful activity.  20 C.F.R. § 416.974(b)(2)(vii); accord, Josefowicz v. Heckler, 811 F.2d 1352, 1356 (10th Cir.1987).    Still, the presence of this presumption does not relieve the ALJ of the obligation to develop the record fully and fairly. Dotson v. Shalala, 1 F.3d 571, 575 (7th Cir. 1993), cited in Townsend v. Chater, text in Westlaw, 1995 WL 453011, *3 (N.D.Ill.).[3]

11.   Plaintiff may rebut the presumption of SGA by evidence of an inability to be self-employed or to perform the job well, without special assistance, or only for brief periods of time. See Jones v. Shalala, 21 F.3d 191, 193 (7th Cir. 1994) (citations omitted)[4]; Katz v. Sec'y of Health & Hum. Serv., 972 F.2d 290, 292-94 (factors to be considered in addition to the amount earned

---

[2] Plaintiff does not dispute that  illegal activity can constitute substantial gainful activity.

[3] Townsend recognized that in Jones v. Shalala, 21 F.3d 191, 194 (7th Cir. 1994), the Seventh Circuit suggested that Dotson's inquiry into the two-prong requirements for SGA was "unnecessary" when claimant earns over the $500.00 threshold.  Nevertheless, the Townsend court felt "compelled" to conduct the inquiry in the case at bar.

[4] In Jones, the court identified situations where the presumption would be rebutted, including situations where an employer retains a claimant on the payroll as an "act of charity even though the claimant is incapable of working; a seriously disabled worker who is able to work only by dint of his extraordinary determination and the extraordinary assistance extended to him by kindly coworkers; and a disabled individual who scrapes together $500 a month at a great personal cost."  21 F.3d at 193 (citing Keyes v. Sullivan, 894 F.2d 1053, 1056 (9th Cir. 1990)), cited in Engstrom v. Shalala, text in Westlaw, 1995 WL 109311 (N.D.Ill).

include the time spent working, quality of a person's performance, special working conditions, and the possibility of self-employment).   Some factors which should be included are: the amount and quality of time the individual spends working, and responsibilities and skills required to perform the work.  Corrao v. Shalala, 20 F.3d 943, 948 (9th Cir. 1994).

      12.   A review of the available cases which have addressed similar facts lead me to conclude that Plaintiff's work activity is "substantial" as well as "gainful."  Plaintiff testified that he was guarding the activities of a drug dealer and "taking care of his back" by letting him know "who was coming in and who wasn't."  Tr. at 28.  Mr. Chavez received $300.00 a day in exchange for the service.  Id.  The fact that Plaintiff may not have engaged in this activity for eight hours a day is immaterial to the inquiry.   See e.g., Engstrom v. Shalala, text in Westlaw, 1995 WL 109311 (N.D.Ill) (illegal activity as a drug go-between was "substantial" activity even though done on a "sporadic" and "as needed" basis, where remuneration was not received as charity and where the activity did not require "extraordinary exertion").

      13.   I agree with Defendant that Plaintiff's activity in watching out for customers involved a degree of seriousness and vigilance, given the illegal and sometimes dangerous nature of the dealer's work.  Cmp., Moore v. Sullivan, text in Westlaw, 1992 WL 199257 (N.D.Ill. 1992) (slipping drugs through customers' door was not SGA).  It is clear from the Plaintiff's testimony at the hearing that he carried on his work activity without special assistance and that this activity was conducted on a regular basis.  See Jozefowicz v. Heckler, 811 F.2d 1352, 1356 (10th Cir. 1987) (quoting Markham v. Califano, 601 F.2d 533 (10th Cir. 1979) (SGA involves the "performance of substantial services with reasonable regularity, either in competitive or self employment").

14.   I find that the requirements of Plaintiff's "work" are sufficient to constitute  "significant mental or physical activities" and are thus insufficient to overcome the presumption that Plaintiff is engaged in SGA.  See Bell v. Sullivan, 817 F.Supp. 719, 723 (N.D.Ill. 1993) (fencing and stealing to support drug habit required a seriousness and regularity which satisfied the requisite mental capacity in SGA); Townsend at *5 (allowing people to use apartment for drug activities in exchange for drugs constituted "significant physical and mental activity").[5]

15.   The record of the hearing reflects that the ALJ inquired into Mr. Chavez' work activities for the drug dealer.  Based on Plaintiff's testimony that he required $300.00 a day to support his drug habit, coupled with his admission that he continued to use heroin as well as prescription drugs he bought on the street, Tr. at 28-29, the ALJ was entitled to conclude that Plaintiff was earning what his habit required, i.e., at least $9,000.00 a month, which was "well in excess of the $500.00 limit indicative of substantial gainful activity."  Tr. at 13.[6]

16.   Because the evaluation process ended at step one, the ALJ made no findings based on the medical evidence in the record, nor was he required to examine this evidence.   For the same reasons, I have reviewed the medical evidence as part of a whole record review, but have not made

---

[5]  Both Engstrom and Townsend distinguished the cases at bar from Corrao v. Shalala, 20 F.3d 943 (9th Cir. 1994) (as modified on rehearing), on which Plaintiff relies.  The plaintiff In Corrao spent only a "minimal amount of time working" as a drug dealer, which consisted of being driven by the customer to a place where transaction occurred, and then be driven back to his home. At 948.  In Engstrom, the court noted that Corrao's work activity was only 45 minutes a day, compared to Engstrom, who worked as a go-between 2 hours a day.  At *5.  In Townsend, the court noted that operating a drug house required a more regular activity level than Corrao's. At *5.

[6]  Although Mr. Chavez has been in a methadone program for the three years prior to his hearing, he told the ALJ that he continues to take heroin "once in a while" for the pain in his arms, legs and back.  Tr. at 23, 28.

6

any findings based on this evidence.[7]  See Jones, 21 F.3d 193 (if presumption of SGA is not

successfully rebutted, the inquiry ends with the individual considered to be engaged in SGA,

regardless of "compelling medical evidence" that may exist showing that the claimant is really

disabled);[8] Fowler v.Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989) (plaintiff who is actually

engaged in substantial gainful activity could not be found disabled, regardless of the severity of his

impairments).

17.   In sum, I find that the ALJ did analyze whether Mr. Chavez' illegal activity constituted

substantial gainful activity as defined under the regulations, and that his decision is based on

substantial evidence from the record.

### Recommendation

I recommend that Plaintiff's Motion to Reverse and Remand for a Rehearing [9-1]

be denied and this cause of action dismissed with prejudice.  Timely objections to the foregoing

may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

UNITED STATES MAGISTRATE JUDGE

---

[7]   Similarly, I make no findings about Plaintiff's credibility, an issue raised by Defendant in the response. There was an obvious question in the ALJ's mind regarding the integrity of Plaintiff's stated functional limitations and complaints of pain.  For example, the ALJ noted that although Plaintiff stated he can no longer do any work with his hands, Tr. at 40, his hands were cut and dirtied with grease under the fingernails.  The ALJ pursued this line of questioning regarding Plaintiff's ability to do light mechanic work when some of Plaintiff's statements appeared inconsistent with other testimony about repairing his son's bike or his own car.  Tr. at 41- 42, 45-46.

[8]   Jones suggests that any less stringent approach "does not take the first hurdle [meeting the requirements under SGA] seriously."  At 193.